IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**VALERIECE D. EALOM,**

                    Petitioner,

       v.                                    CASE NO. 18-3049-JWL

**LINDA THOMAS,**

                    Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner is incarcerated following a preliminary hearing to revoke her supervised release. She seeks the appointment of counsel and requests an appearance before the federal judge presiding in her case pending in the U.S. District Court for the Western District of Missouri. In the alternative, she seeks a dismissal of the petition for revocation of supervised release (Doc. #1, p. 8).

Rule 4 of the Rules Governing § 2254 Cases in the United States District Court provides that upon a preliminary review by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Under Rule 1(b), this Court may apply the rules to other habeas corpus petitions. The Court has considered the petition and concludes the petitioner is not entitled to relief in this matter.

**Background**

Petitioner was convicted of conspiracy to distribute narcotics in the United States District Court for the Western District of

Missouri.[1] On August 3, 2017, a U.S. Magistrate Judge conducted an initial appearance and preliminary revocation hearing. At that time, petitioner was appointed counsel and was remanded to custody. Since then, she has filed a motion for hearing on supervised release violations, a motion to appoint new counsel, and a motion to dismiss the supervised release petition. On January 31, 2018, the Magistrate Judge held a hearing on the motion to appoint new counsel and denied the motion. Counsel for the government addressed the delay in final revocation proceedings and explained that additional charges may be filed against petitioner and that counsel are working toward a resolution that will not require the presentation of those charges to a grand jury.

Petitioner filed the current petition on March 2, 2018.

## Discussion

The federal courts may grant habeas corpus relief to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

As a federal prisoner, petitioner may challenge the execution of her sentence by filing a petition under § 2241 in the district where she is confined. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011).

However, a delay in conducting a revocation hearing is not a ground for release in habeas corpus; instead, a prisoner's "remedy…is an action to compel a hearing." *Hill v. Johnston*, 750 F.Supp.2d 103, 105-06 (D.D.C. 2010). Petitioner appears to recognize this, as she primarily asks the Court to order her appearance before the federal

---

[1] *U.S.A. v. Dorsey, et al.*, Case No. 03-cr-00329-FJG-2 (W.D. MO.). The Court has found no published order concerning petitioner's conviction and has constructed the background information from docket sheet entries.

judge in the Western District of Missouri who is presiding in the criminal action in which her revocation is pending. This Court has no jurisdiction to direct any action by the judge in the Western District of Missouri. Instead, petitioner must move in that court for a final revocation hearing or may seek mandamus relief. *See Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983)(stating the appropriate remedy for a delay in conducting a parole revocation hearing "is a writ of *mandamus* to compel [the Parole Commission's] compliance … not a writ of habeas corpus to compel release… or to extinguish the remainder of the sentence" (emphasis in original)).

Relief in habeas corpus is appropriate only where a petitioner can show both substantial delay and "actual prejudice" caused by the delay. *Blakeney v. Wainwright*, 2011 WL 6749043 *2 (D.D.C. Dec. 23, 2011)(quoting *Sutherland*, 709 F.2d at 733 (no showing that 33-month delay prejudiced petitioner)). The Court finds no evidence of either substantial delay or actual prejudice in this matter. Petitioner has been in custody since August 2017, and the record does not suggest actual prejudice to her ability to defend herself at the revocation hearing.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is denied.

**IT IS SO ORDERED**.

DATED:  This 7th day of March, 2018, at Kansas City, Kansas.

                                          s/ John W. Lungstrum
                                          JOHN W. LUNGSTRUM
                                          United States District Judge